IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ENEDELIA MARTINEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CASE NO.  4:19-cv-1224** |
| | § | |
| **FOREMOST INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Foremost Insurance Company Grand Rapids, Michigan, erroneously identified as Foremost Insurance Company, and hereinafter referred to as "Foremost," which is and was at all times pertinent a Write-Your-Own ("WYO") Program insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and hereby removes the state court action entitled "*Enedelia Martinez v. Foremost Insurance Company*", bearing Case Number 2019-18147 pending in the 190th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.  Pursuant to LR 81, an index of documents being filed contemporaneously with this Notice of Removal is attached as Exhibit A.  In support of removal and jurisdiction in this Honorable Court, Foremost respectfully represents as follows:

---

[1] 42 U.S.C. § 4001, *et seq*.

[2] *See* 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); **Error! Main Document Only.***Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 12/10/07); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

## The Parties and Timeliness

1. Enedelia Martinez ("Plaintiff") filed the referenced state court action against Foremost Insurance Company on or about March 12, 2019. A true and accurate copy of the Plaintiff's Original Petition ("Petition") is attached and incorporated hereto as part of Exhibit "B," as required by 28 U.S.C. §§ 1446(a) and 1147(b).

2. Foremost hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072; 44 C.F.R. Pt. 61, App. A(1), Articles VII & IX; 28 U.S.C. §1331; 28 U.S.C. §1337 and 28 U.S.C. §1367.

3. In her Petition, Plaintiff alleges the following:

   i. Plaintiff is an individual and resident of Harris County, Texas and Defendant is a foreign insurance company engaging in business in the State of Texas. (Ex. B, ¶¶ 2-3).

   ii. Plaintiff alleges that on or about August 25, 2017 she experienced a severe flood event resulting in damage to her property located at 13106 Daywood Drive, Houston, Texas 77037 (Ex. B, ¶¶ 9, 11).[4]

   iii. Plaintiff alleges that Defendant had issued a policy of insurance to her, which was in effect at the time of loss, and that the alleged damage constitutes a covered loss under her policy (Ex. B, ¶¶ 8, 10-11).

   iv. This policy of insurance is evidenced by the Flood Policy Declarations, attached as Exhibit B. The policy, bearing number 87024120172017 was in effect from May 18, 2017 to May 18, 2018, and insured property located at 13106 Daywood Drive, Houston, Texas 77038.

   v. Plaintiff alleges that she submitted a claim for her flood loss to Defendant and that Defendant subsequently assigned an adjuster to investigate and adjust her flood loss claim. (Ex. B, ¶ 11).

   vi. Plaintiff alleges that Defendant breached its contract with the Plaintiff in failing to pay the Plaintiff the full amount of cost related benefits under the Policy following the mishandling of her claim by the assigned adjuster and

---

[4] The Petition includes the incorrect zip code for this address. The proper zip code is 77038 (Ex. C) (Flood Policy Declarations).

       the lack of a thorough investigation of her claim on part of the Defendant insurance company. (Ex. B, ¶¶ 12-15, 26-31).

   vii.   Plaintiff alleges having suffered actual and consequential damages as a result of Defendant's failure to pay Plaintiff under her Policy, its breach of contract in doing so, and failure to properly handle and investigate her flood loss claim. (Ex. B, ¶ 31).

   viii.   Plaintiff seeks to recover damages that were a direct result of Defendant's claims handling and breach of contract. (Ex. B, ¶¶ 54-60).

4. The flood policy referenced is a Standard Flood Insurance Policy ("SFIP") Dwelling Form codified and found at 44 C.F.R. Pt. 61, App. (A)(1), a copy of which is attached as Exhibit D.

5. Defendant Foremost was served with the state court Citation/Summons and Plaintiff's Petition on or about March 15, 2019. (Ex. B). Thirty days have not elapsed since Defendant first received the Petition through service of process or otherwise, and removal is timely under 28 U.S.C. §§1441 and 1446.

## Jurisdiction and Venue

6. Plaintiff avers that Defendant Foremost breached its contract of insurance by allegedly failing to adequately pay for flood damages to the subject property owed to the insured pursuant to the SFIP.

7. Defendant Foremost participates in and issues SFIPs under the NFIP Write-Your-Own Program. The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. §4001, *et seq*.

8. The payments that Plaintiff seeks in this lawsuit constitute a direct charge on the public treasury and would be binding upon the federal government. 44 C.F.R. § 62.23(f) & *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 300 (4th Cir. 2002).

3

9. According to the Petition, the subject property is located at 13106 Daywood Drive, Houston, Texas 77037, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R).

10. As a result of the foregoing, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(1) Art. VII (R), which vests in the United States District Court for the district in which the insured property is located original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *See* 42 U.S.C. § 4072; *Constr. Funding, L.L.C. v. Fidelity Nat'l Indem. Ins. Co.*, 636 F.App'x 207, 209 (5th Cir. 2016); *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F.Supp.2d 800 (S.D.Tex. 2000); (Ex. D).

11. Foremost contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) (Dwelling Form) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and federal common law." 44 C.F.R. Pt. 61, App. A (1) Art. IX; (Ex. D). Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331. *See Woodson v. Allstate*, No. 16-1935, No. 16-2018, 2017 WL 1660663 *2 (4th Cir. May 3, 2017); *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tex. 2000).

12. As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil

4

action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004). Under § 1337, removal is proper where the facts alleged in the Plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

13. As a still further basis for removal, Foremost asserts that this case is also removable pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. Plaintiff alleges at paragraph 1 of the Petition that she is a resident of Harris County, Texas. Further, he alleges at paragraph 2 of his Petition that Foremost is a foreign insurance company. Foremost is a non-government Michigan corporation, domiciled in Michigan, and with its principle place of business in Michigan. Thus, based upon the foregoing, there is complete diversity of citizenship among the Plaintiff and the Defendant. In paragraph 60 of the Petition, Plaintiff alleges damages between $200,000.00 and $1,000,000.00. In addition to damages sought under the SFIP, Plaintiff seeks a multitude of other damages, including punitive damages and general damages. As such, the amount in controversy meets the threshold for diversity jurisdiction.

14. Lastly, to the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are

5

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2620 (2005).

15. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff through her Counsel of Record and will be filed with the Clerk of Court for the 190th Judicial District Court of Harris County, Texas, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Foremost Insurance Company Grand Rapids, Michigan, prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, bearing Case Number 2019-18147 pending in the 190th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division for further proceedings as provided by law.

Dated: April 4, 2019                          Respectfully submitted,

                                              **BAKER & HOSTETLER, LLP**

By:    /s/ *Bradley K. Jones*
        Douglas D. D'Arche
        State Bar No. 00793582
        Bradley K. Jones
        State Bar No. 24060041
        Ryan Walton
        State Bar No. 24105086
        811 Main St., Suite 1100
        Houston, Texas 77002
        Telephone: (713) 751-1600
        Facsimile: (713) 751-1717
        E-mail: ddarche@bakerlaw.com;
        bkjones@bakerlaw.com
        rwalton@bakerlaw.com

AND

**NIELSEN & TREAS, LLC**
Sean P. Sullivan
USDC SDTX #3382161
Louisiana State Bar #33398
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: seans@nt-lawfirm.com
**COUNSEL FOR DEFENDANT, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 4, 2019, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing as follows:

**McLenney Moseley & Associates, PLLC**
James M. McClenny
J. Zachary Moseley
Heather E. Hall
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Tel: 713-334-6121
Fax: 713-322-5953
james@mma-pllc.com
Zach@mma-pllc.com
Heather@mma-pllc.com
Counsel for Plaintiffs

                                                      /s/ *Bradley K. Jones*
                                                      Bradley K. Jones